## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## 3:15-cr-123-MOC-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| TRAVIS TRAMAINE ELLIOT, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 66).

### I. BACKGROUND

On September 18, 2015, Defendant pleaded guilty without a plea agreement to the following counts in the Bill of Indictment in this matter: (i) conspiring to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) (Count One);(ii) possessing with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts Two through Ten); and (iii) possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Eleven). The Court sentenced him to 88 months in prison followed by three years of supervised release.

Defendant began his three-year term of supervised release on September 4, 2020, and his term of supervised release expires on September 3, 2023. He is currently being supervised by a U.S. Probation Officer in the District of South Carolina, where he resides. In his motion, Defendant explains that he has been rehabilitated, that he is taking responsibility for himself, that he is strengthening his relationship with his family, that he is working, and that he is doing well on supervised release.

## II. DISCUSSION

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). Early release from supervised release is appropriate when the defendant has exhibited "exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (W.D.N.C. 2010) (internal citation omitted). "One of the purposes of supervised release is to provide rehabilitation and oversight of the offender to deter their return to crime." Id. at 652. Consequently, "full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination." Id. (quoting United States v. McKay, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005)). If it were, then "the exception would swallow the rule." McKay, 352 F. Supp. 2d at 361. Ultimately, the decision whether to terminate a term of supervised release is within the Court's discretion. See United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) (noting that the phrase "the interest of justice" gives the district court latitude to consider a broad range of factors in addition to an individual's behavior in considering whether to terminate the supervised release period).

The Government notes in its response that it has consulted with a U.S. Probation Officer in the Western District of North Carolina and with Defendant's supervising U.S. Probation Officer in the District of South Carolina, who indicated that Defendant is re-adjusting well to society following his release from prison, he is working and supporting his family, and he is doing well on supervised release. The Government further states, however, that both U.S.

Probation Officers believe that Defendant would benefit from completing a full two years of supervised release before consideration for early release. They expressed openness to revisiting early termination of Defendant's supervised release after he has completed a second year. The Government states that it concurs with the position of U.S. Probation and therefore asks the Court to deny Defendant's motion without prejudice.

The Court will deny Defendant's motion without prejudice to Defendant filing another motion for early termination after he has completed a second year of supervised release.

## ORDER

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 66), is **DENIED** without prejudice.

Signed: November 24, 2021

Max O. Cogburn Jr
United States District Judge